IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRI P. ELISBERG, SHIRLEY GARCIA,
LINDA GIVENS, SCOTT COHERNOUR, MARY
MARTINEZ, FRANK PACHECO, PATRICIA
TROYANOWSKI, JOSEPH RUIZ, and DAVE
PACHECO,

       Plaintiffs,

vs.                                                                    No. 05-CV-461 JCH/KBM

PRESBYTERIAN HEALTHCARE SERVICES,
INC., and ARAMARK MANAGEMENT
SERVICES, L.P.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Presbyterian Healthcare Services, Inc.'s ("Presbyterian") Motion for Summary Judgment as to Claims of Plaintiff Patricia Troyanowski, filed November 4, 2005 **[Doc. No. 54]**, Defendant ARAMARK Management Services, L.P.'s ("ARAMARK") Motion for Summary Judgment as to Claims of Plaintiff Patricia Troyanowski, filed November 21, 2005 **[Doc. No. 65]**, Defendant Presbyterian's Motion for Summary Judgment as to Claims of Plaintiff Joseph Ruiz, filed November 4, 2005 **[Doc. No. 56]**, Defendant ARAMARK's Motion for Summary Judgment as to Claims of Plaintiff Joseph Ruiz, filed November 21, 2005 **[Doc. No. 63]**, Defendant Presbyterian's Motion for Summary Judgment as to Claims of Plaintiff Terri P. Elisberg, filed November 4, 2005 **[Doc. No. 58]**, and Defendant ARAMARK's Motion for Summary Judgment as to Claims of Plaintiff Terri P. Elisberg Ruiz, filed November 21, 2005 **[Doc. No. 64]**. The Court having considered the

motions, briefs, and relevant law, and being otherwise fully informed, finds that the motions are well taken in part and will be granted in part. The Court further finds that, in order to allow the parties to submit supplemental briefing, it shall defer ruling on the motions to the extent that they seek judgment as a matter of law on Plaintiffs Troyanowski's, Ruiz's, and Elisberg's ("Plaintiffs") constructive discharge and Employee Retirement Income Security Act (ERISA) claims.

## STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted). Under Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee*, 119 F.3d 837, 840 (10th Cir. 1997). "'Instead, the movant only bears the initial burden of 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather

must produce some specific factual support of its claim. *See Pueblo v. Neighborhood Health Centers, Inc.*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzsche v. Albuquerque Municipal Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Upon a motion for summary judgment, a court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

## DISCUSSION

Defendant Presbyterian moves for summary judgment on Plaintiffs Troyanowski's, Ruiz's, and Elisberg's wrongful termination and ERISA claims. Defendant ARAMARK moves for summary judgment on Plaintiffs' civil conspiracy and tortious interference with contractual relations claims to the extent those claims implicate Plaintiffs' wrongful termination and ERISA claims. Specifically, in support of their motions, Defendants argue that Plaintiffs Troyanowski and Elisberg have not set forth allegations indicating that they were treated differently from other similarly-situated employees. Defendant Presbyterian further maintains that Plaintiff Ruiz cannot point to evidence to support his discriminatory discharge claim. Defendant ARAMARK likewise argues that Plaintiff Ruiz cannot present evidence sufficient to demonstrate civil conspiracy or tortious interference claims based upon Defendants' alleged discriminatory demotion. In addition, Defendants argue that Plaintiffs cannot set forth evidence sufficient to demonstrate that Plaintiffs

3

were constructively discharged. Finally, Defendant Presbyterian maintains that Plaintiffs cannot demonstrate that Presbyterian violated their rights under ERISA, and Defendant ARAMARK maintains that Plaintiffs cannot establish their conspiracy or tortious interference claims to the extent those claims are based upon an ERISA violation. The Court will address each of these arguments in turn.

I.      Plaintiffs Troyanowski's and Elisberg's NMHRA Age Discrimination Claims.

Defendant Presbyterian moves for summary judgment on Plaintiffs Troyanowski's and Elisberg's New Mexico Human Rights Act (NMHRA) age discrimination claims and Defendant ARAMARK moves for summary judgment on Plaintiffs Troyanowski's and Elisberg's conspiracy and tortious interference claims to the extent they are based upon age discrimination in violation of the NMHRA. In support of their motions, Defendants maintain that under the Tenth Circuit case *English v. Colorado Department of Corrections*, 248 F.3d 1002 (10th Cir. 2001), Plaintiffs were required to present evidence that Defendants treated Plaintiffs differently from other similarly-situated employees. Defendants argue that Plaintiffs have not made any allegations with respect to the treatment of younger employees.

According to Defendants, because Plaintiffs failed to present evidence of dissimilar treatment of employees, Plaintiffs cannot raise an inference of discrimination. Once a plaintiff makes a prima facie case of discrimination,[1] the burden "'shifts to the employer to articulate some legitimate, nondiscriminatory reason'" for taking an adverse employment action against the plaintiff. *Id.* at 1008 (quoting *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)). "If the

---

[1] To allege a prima facie discrimination claim, a plaintiff need only show that: "'(1) he belongs to a protected class; (2) he was qualified for his job; (3) despite his qualifications, he was discharged; and (4) the job was not eliminated after his discharge.'" *English*, 248 F.3d at 1008 (quoting *Kendrick v. Penske Transp. Serv.*, 220 F.3d 1220, 1229 (10th Cir. 2000)).

4

defendant successfully meets its burden of production, the burden shifts back to the plaintiff to put forth evidence sufficient to allow a jury to find that the defendant's reason is pretextual, e.g., that it is unworthy of belief." *Id.* (citing *McDonnel Douglas*, 411 U.S. at 804).

Contrary to Defendants' assertion, Plaintiffs need not establish an inference of discrimination by presenting evidence of dissimilar treatment of employees. *Cf. id.* at 1009-12 (plaintiff need not show differential treatment of persons outside the protected class to meet the initial prima facie burden under McDonnell Douglas or to raise an inference of discrimination). In *English*, the Tenth Circuit simply held that presenting evidence of dissimilar treatment was one way a plaintiff could create an inference of discriminatory discharge. *Id.* at 1008 ("'comparison to a person outside of the protected class . . . is unnecessary to create an inference of discriminatory discharge. . . . The firing of a qualified minority employee raises the inference of discrimination because it is facially illogical to randomly fire an otherwise qualified employee and thereby incur the considerable expense and loss of productivity associated with hiring and training a replacement'") (quoting *Kendrick*, 220 F.3d at 1229). The *English* court specifically stated that the "evidence that a plaintiff can put forward to overcome a defendant's legitimate, nondiscriminatory reason for an adverse employment action can take a variety of forms." *Id.* at 1009 (citing *Kendrick*, 220 F.3d at 1230); *id.* at 1009-12 (setting forth various ways a plaintiff can establish pretext, including evidence a plaintiff in a protected class was treated differently from a similarly situated, non-protected employee, and evidence that the tendered reason for the employment decision was not the genuine motivating reason but rather a sham reason). Accordingly, even if the Court were to find that Plaintiffs have not presented evidence of dissimilar treatment, Defendants would not be entitled to judgement as a matter of law by virtue of this failure alone. Accordingly, the Court denies Defendants' motions for summary judgment

5

on Plaintiffs' Troyanowski's and Elisberg's NMHRA age discrimination claims.

II.     Plaintiff Ruiz's Discriminatory Demotion Claim.

Defendant Presbyterian moves for summary judgment on Plaintiff Ruiz's discriminatory demotion claim on the ground that Plaintiff Ruiz cannot establish the elements of a prima facie case of discriminatory demotion. Specifically, Defendants maintain that Plaintiff Ruiz cannot demonstrate that the workforce change allegedly requiring his demotion was intentional discrimination based upon his protected class characteristics. For the same reason, Defendant ARAMARK moves for summary judgment on Plaintiff's civil conspiracy and tortious interference claims to the extent those claims are based upon discriminatory demotion.

In response, Plaintiff Ruiz argues that the Court should deny Defendants' motions for summary judgment on his discriminatory demotion claim because a material question of fact exists with respect to whether he has set forth evidence to demonstrate a discriminatory demotion claim. It is unclear, however, precisely what discriminatory demotion claim Plaintiff Ruiz brings, and precisely what protected class Plaintiff Ruiz maintains he is in.[2] To the extent Plaintiff Ruiz alleges a claim based upon his alleged discriminatory demotion (with the exception of Plaintiff Ruiz's Family Medical Leave Act (FMLA) retaliation claim discussed below), the Court grants Defendants' motions for summary judgment.

Defendants do not move for summary judgment on Plaintiff Ruiz's civil conspiracy claim

---

[2] In Count VII, alleging wrongful termination, Plaintiffs only allege age discrimination in violation of the NMHRA. Unlike Plaintiffs Troyanowski and Elisberg, Plaintiff Ruiz does not maintain that he is a member of a protected class based upon his age. Although in Count VIII, Plaintiffs allege civil conspiracy in violation of, among other things, the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1991, and the NMHRA, Plaintiff Ruiz does not present any evidence or argument to indicate that he is a member of a protected class as defined by the ADA, Title VII, or the NMHRA.

based upon retaliation against Plaintiff in violation of the FMLA.[3]  In response to the motions for summary judgment, however, Plaintiff Ruiz argues that he can establish a civil conspiracy claim based upon Defendant Presbyterian's alleged retaliatory decision to demote him in violation of the FMLA.  Because Defendants have not moved for summary judgment on Plaintiff Ruiz's FMLA retaliation claim, Plaintiff Ruiz's argument is moot.

III.     Plaintiffs' Constructive Discharge and ERISA Claims.

Defendant Presbyterian moves for summary judgment on Plaintiffs Troyanowski's, Ruiz's, and Elisberg's constructive discharge and ERISA claims.  Defendant ARAMARK moves for summary judgment on Plaintiffs' civil conspiracy and interference with contractual relations claims to the extent those claims are based upon a wrongful constructive discharge and a violation of ERISA.  Plaintiffs indicate in their responses to the motions and a Federal Rule of Civil Procedure 56(f) affidavit that they need additional time to conduct discovery and respond to the motions.

The extended discovery period in this case began on July 28, 2005, and ended on April 28, 2006.  Defendants filed their motions for summary judgment early in the discovery period – *i.e.*, approximately three months into the nine-month discovery period.  At that time, Plaintiffs indicated that they had not had the opportunity to discover information vital to their ERISA and wrongful termination claims.  Plaintiffs had scheduled approximately ten depositions and additional paper discovery to be taken during the remainder of the discovery period.  Accordingly, pursuant to Rule 56(f), the Court grants Plaintiffs additional time to respond to Defendants' motions for summary judgment on the constructive discharge and ERISA claims.

---

[3] Plaintiff Ruiz does not attempt to bring an independent retaliation claim under the FMLA, but rather only civil conspiracy claim based upon an FMLA violation.

**CONCLUSION**

For the reasons stated above, **IT THEREFORE IS ORDERED** that Defendant Presbyterian's Motion for Summary Judgment as to Claims of Plaintiff Patricia Troyanowski **[Doc. No. 54]**, Defendant ARAMARK's Motion for Summary Judgment as to Claims of Plaintiff Patricia Troyanowski **[Doc. No. 65]**, Defendant Presbyterian's Motion for Summary Judgment as to Claims of Plaintiff Joseph Ruiz **[Doc. No. 56]**, Defendant ARAMARK's Motion for Summary Judgment as to Claims of Plaintiff Joseph Ruiz **[Doc. No. 63]**, Defendant Presbyterian's Motion for Summary Judgment as to Claims of Plaintiff Terri P. Elisberg **[Doc. No. 58]**, and Defendant ARAMARK's Motion for Summary Judgment as to Claims of Plaintiff Terri P. Elisberg **[Doc. No. 64]** shall be **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendants Presbyterian's and ARAMARK's motions for summary judgment are DENIED to the extent they seek summary judgment on Plaintiffs' Troyanowski's and Elisberg's NMHRA age discrimination claims;

(2) Defendants' motions for summary judgment are DENIED to the extent they seek summary judgment on Plaintiff Ruiz's civil conspiracy claim based upon FMLA retaliation; and

(3) Defendants' motions for summary judgment are GRANTED to the extent they seek summary judgment on Plaintiff Ruiz's discriminatory demotion claim under the NMHRA, ADA, or Title VII.

**IT IS FURTHER ORDERED** that the Court shall defer its ruling on the remaining issues raised in the motions for summary judgment and that the parties shall have the opportunity to submit supplemental briefing as follows:  Plaintiffs Troyanowski, Ruiz, and Elisberg shall have until August 24, 2006, to file a supplemental memorandum opposing Defendants' motions for

summary judgment on the constructive discharge and ERISA claims, provided that such memorandum raises additional material facts not available at the time of the original briefing; Defendants shall have until the earlier of September 5, 2006, or ten (10) calendar days from the date Plaintiffs' supplemental memorandum is filed, to respond to the supplemental memorandum.

Dated this 10th day of August 2006.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE